UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

FRANK McCARTHY,
    Plaintiff,

vs.                                       Case No.:8:19-cv-437-T-35TGW

ATLANTIC CRUISING, INC.,
    Defendant.
_____/

## ANSWER TO COUNTERCLAIM AND AFFIRMATIVE DEFENSES

Plaintiff, FRANK McCARTHY ("McCARTHY"), by and through his undersigned attorney, hereby files his Answer to the Counterclaim, and hereby states as follows:

1.    Admitted that ATLANTIC CRUISING, INC. ("ACY") is a Delaware limited liability company with its principal place of business located in Annapolis, Maryland. Without Knowledge as to the remainder.

2.    Admitted.

3.    Admitted.

4.    Admitted for jurisdictional purposes only, denied as to the remainder.

5.    Admitted.

6.    Admitted that ACY is in the business of selling Yachts. Denied as to ACY's business also includes sales of used yachts of other manufactures.

7.    Admitted that the document identified in paragraph 7 is attached as Exhibit "1" to the Complaint, but state that the document speaks for itself. Denied as to ACY was a party to the Consulting Agreement as it states Atlantic Cruising Yachts, Inc. not Atlantic Cruising Yachts, LLC.

8.    Admitted.

9.    Denied.

10.    Denied. ACY is not a party to the Consulting Agreement.

1

11. Denied.

12. Denied.

13. Denied.

14. Denied.

15. Admitted only as to the customer's initial inquiry indicated his interest was in Used "Brokerage" boat; denied as to the remainder.

16. Admitted.

17. Denied.

18. Without knowledge.

19. Without knowledge.

20. Denied.

21. Denied.

22. Denied.

23. Denied.

24. Denied.

25. Denied.

26. Admitted as to McCarthy failed to inform ACY of the sale prior to termination; denied as to the remainder.

27. Denied.

28. Denied.

29. Denied.

30. Denied.

31. Admitted as to the termination; without knowledge as to the remainder.

32. Denied.

33. Without knowledge.

34. McCARTHY incorporates paragraphs numbered 1 through 33 of his Answer as if they were fully set forth herein.

35. Denied.

36. Denied.

37. Denied.

38. Denied.

39. Denied.

40. Denied.

41. Denied.

42. McCARTHY incorporates paragraphs numbered 1 through 33 of his Answer as if they were fully set forth herein.

43. Denied.

44. Denied.

45. Denied.

46. Denied.

47. Denied.

48. McCARTHY incorporates paragraphs numbered 1 through 33 of his Answer as if they were fully set forth herein.

49. Denied.

50. Denied.

51. Denied.

52. Denied.

53. Denied.

54. Denied.

55. McCARTHY incorporates paragraphs numbered 1 through 33 of his Answer as if they were fully set forth herein.

56. Denied.

57. Denied.

58. Denied.

59. Denied.

60. Denied.

## AFFIRMATIVE DEFENSES

**First Affirmative Defense:** Failure to Mitigate – The Counterclaimant, ACY, has failed to mitigate its damages by preventing the Counter Defendant, McCARTHY, from completing his yacht sales which were under contract or in the process of being under contract for sale.

**Second Affirmative Defense:** First Breach – ACY committed the first breach of the Consulting Agreement ("Employment Agreement") by failing to timely pay the Counter Defendant, McCARTHY, his commissions when due under the Employment Agreement as well as additional payments owned for several additional services which were provided as Amendments to the Employment Agreement, such as overrides on sales and referrals, and reimbursable expenses.

**Third Affirmative Defense:** Set Off – The Counter Defendant, McCARTHY, is entitled to a set off for any damages owed to the Counterclaimant, ACY, for all damages and attorney's fees and costs owed to the Counter Defendant, McCARTHY, from the Counterclaimant, ACY.

**Fourth Affirmative Defense:** Unclean Hands – The Counterclaimant, ACY, is guilty of having unclean hands in that it encouraged the Counter Defendant, McCARTHY, and other sales consultants to sell Brokerage Yachts to customers if the customer did not want to buy a new

Fountaine-Pajot or Jeanneau Yacht from ACY.

**Fifth Affirmative Defense**: Waiver – The Counterclaimant, ACY, waived its right to prohibit its sales consultants from selling Brokerage Yachts through related entities by allowing several of their sales consultants to sell Brokerage Yacht, through their own respective Florida Yacht Brokerage entities.

**Sixth Affirmative Defense**: Unenforceability – The Counterclaims are not enforceable as the Counterclaimant, ACY, is not a party to the Employment Agreement. The entity identified in the first paragraph and in the signature block of the Employment Agreement is: Atlantic Cruising, Inc., not Atlantic Cruising Yachts, LLC.

**Seventh Affirmative Defense:** Failure to State a Claim – The Counterclaimant, ACY, has failed to state a claim for which relief can be granted as the Counterclaimant, ACY, is not a party to the contracts it seeks to enforce. In addition, the Counter Defendant, McCARTHY, does not owe the Counterclaimant, ACY, a fiduciary duty.

**Eighth Affirmative Defense:** Bad Faith Assertions of Trade Secrets – The Counterclaimant, ACY's, assertion that the Counter Defendant, McCARTHY, misappropriated a Trade Secret, as that term is defined in F.S. Chapters 688, is made in bath faith. The Counterclaimant, ACY, cannot establish that the McCARTHY misappropriated a Trade Secret. Thus, this count is unenforceable and the Counter Defendant, McCARTHY, is entitled to attorney fees.

**Ninth Affirmative Defense:** Unenforceable – To the extent that the Court finds the Employment Agreement to be binding on the parties, the non-compete portion of the Employment Agreement as not enforceable under Florida Law or Virginia Law as specified by the Employment Agreement. These provisions are not narrowly drawn to protect the employer's business interest. They are also overly burdensome on the employee's ability to earn a living, and as such must be

5

resolved in favor of the employee.

**Tenth Affirmative Defense:** Unenforceable Penalty Clause – The Counterclaimant, ACY's, assertion that a breach of its Employment Agreement resulted in $599,000.00, in damages is made bad faith as it knows the Counter Defendant, McCARTHY, is entitled to unpaid commissions. Its refusal to pay the commission owed based upon an alleged breach of contract constitutes an unforeseeable penalty as the damages caused by McCARTHY's sale of one used yacht are substantially less than $599,000.00.

**WHEREFORE,** the Counter Defendant, FRANK McCARTHY, requests that a Judgment be entered in their favor and against the Counterclaimant, ATLANTIC CRUISING, INC., for damages, taxable costs, attorney's fees under the Contract and F.S. Chapter 688 and such other and further relief as the Court deems appropriate.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 19th day of March, 2019, the foregoing document was electronically filed with the Clerk of the Court via the CM/ECF system which will send a notice of electronic filing to: Dorothy Venable DiFiore, Esq., Quintairos, Prieto, Wood & Boyer, P.A., 1410 N. Westshore Blvd., Suite 200, Tampa, Florida 33607, (dorothy.difiore@qpwblaw.com) (cheryl.boyce@qpwblaw.com).

DAVID J. SOCKOL, ESQ.
FBN: 818607/ SPN: 01043845
Law Office of David J. Sockol, P.A.
Attorney for Plaintiff
325 Fifth Street South
St. Petersburg, Florida 33701
727-822-5200- Telephone
727-821-5319- Facsimile
sockolpa@sockol.com
administrator@sockol.com